**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

AKF, INC. D/B/A FUNDKITE,

      Plaintiff,

v.

                                              Case No.   1:21-CV-188 (BKS/DJS)

AVANTGARDE SENIOR LIVING
D/B/A AVANTGARDE SENIOR
LIVING OF TARZANA,
and
JASON ADELMAN,

      Defendants.

_____/

**<u>COMPLAINT</u>**

    AKF, Inc. d/b/a FundKite, by and through its counsel Kaminski Law, PLLC, for its Complaint against AvantGarde Senior Living d/b/a AvantGarde Senior Living of Tarzana and Jason Adelman (collectively referred to herein as the "<u>Defendants</u>") states as follows:

GENERAL ALLEGATIONS

    1.    AKF, Inc. d/b/a FundKite ("<u>FundKite</u>") is a New York corporation with its principal place of business located at 88 Pine Street, 17th Floor, New York, New York 10005.

    2.    AvantGarde Senior Living d/b/a AvantGarde Senior Living of Tarzana ("<u>AvantGarde</u>") is a California corporation with its principal place of business at 5645 Lindley Avenue, Tarzana, California 91356.  Its registered address is 21747 Erwin St., 2nd Floor, Woodland Hills, California 91367.

1

3.      Jason Adelman ("Mr. Adelman") is an individual that resides at 11 Marine Terrace, Santa Monica, California 90401.  Upon information and belief, Mr. Adelman is the sole owner of AvantGarde.

4.      This Court has personal jurisdiction over the Defendants because the Defendants consented to this Court having personal jurisdiction over them in the contracts between the Defendants and FundKite.

5.      This Court has subject matter jurisdiction because the amount at issue exceeds $75,000 and there is complete diversity of citizenship.

6.      This Court is the proper venue for this action because the Defendants consented to this venue in the contracts between the Defendants and FundKite.


FACTUAL ALLEGATIONS

7.      On or about November 19, 2020, FundKite and AvantGarde entered into a Revenue Purchase Agreement (the "Agreement") under which FundKite purchased $516,000.00 in Receipts, as that term is defined in the Agreement, from AvantGarde.  A copy of the Agreement is attached hereto as **Exhibit 1**.

8.      On that same date, Mr. Adelman executed a Guaranty of Performance under which he unconditionally guaranteed prompt and complete performance of AvantGuarde's obligations, defined in the Guaranty of Performance as the Guaranteed Obligations, under the Agreement.  The Guaranty of Performance is included in Exhibit 1 at Pages 18-23.

9.      On November 25, 2020, FundKite wired $391,815 to AvantGarde to purchase the Receipts in accordance with the terms of the Agreement.

10.     Pursuant to the Agreement, FundKite was to obtain the Receipts it purchased from AvantGarde by debiting $16,125 (the "Initial Estimated Delivery Amount") from a bank account designated by AvantGarde into which the Receipts purchased by FundKite were to be deposited (the "Designated Account").

11.     The Initial Estimated Delivery Amount is intended to represent the Specified Percentage, as that term is defined in the Agreement, of Receipts.  The Initial Estimated Delivery Amount was calculated based on AvantGarde's actual Receipts prior to the date of the Agreement determined by FundKite based on a review of historical data such as bank statements, accounts receivable reports, and credit card receipts provided to FundKite by AvantGarde.

12.     The Initial Estimated Delivery Amount was subject to a reconciliation procedure set forth in Section 1.3 of the Agreement, which is an adjustment of the Initial Estimated Delivery Amount so that subsequent weekly withdrawals from the Designated Account would equal the Specified Percentage of the actual Receipts collected by AvantGarde.

13.     On or about January 21, 2021, FundKite received notice that it could not debit the Initial Estimated Delivery Amount from the Designated Account because the Designated Account lacked sufficient funds.

14.     On or about January 21, 2021 FundKite's CEO contacted Mr. Adelman to inquire about the interruption to the delivery of Receipts.  Mr. Adelman advised FundKite's CEO during the call that he had not been depositing checks for services provided by AvantGarde in the Designated Account.  Mr. Adelman then assured FundKite's CEO that there were now sufficient funds in the Designated Account to cover the Initial Estimated Delivery Amount and directed FundKite to initiate an ACH debit of the Initial Estimated Delivery Amount.  FundKite initiated the ACH debit as instructed.

15.     On January 27, 2021, FundKite received notice that the ACH debit it had initiated at Mr. Adelman's direction was returned because the Designated Account had been blocked as a result of hold being placed on the Designated Account by the bank that, upon information and belief based upon statements made to FundKite by Mr. Adelman, was at Mr. Adelman's request. The hold prevented FundKite from obtaining the Receipts it purchased in the manner agreed to by FundKite and AvantGarde under the Agreement.

16.     Section 3.3 of the Agreement requires AvanteGarde to provide FundKite written notice within 24 hours of any shortage of funds in the Designated Account that will result in a failed delivery of Receipts or any hold placed on the Designated Account.  Despite the fact that both circumstances existed, AvantGarde failed to provide such required notice to FundKite.

17.     In Section 2.5 of the Agreement AvantGarde agreed to not take any voluntary action that would have any adverse effect upon its obligations under the Agreement and that doing so would be a material breach of the Agreement.  Nevertheless, upon information and belief based upon statements made to FundKite by Mr. Adelman, Mr. Adelman failed to deposit checks into the Designated Account, which caused the Designated Account to have insufficient funds to deliver the Receipts in the manner specified in the Agreement.

18.     Section 3.0 of the Agreement sets forth various events of default under the Agreement.  As of January 27, 2021, AvantGarde was in default under the Agreement because it had violated Sections 3.3 and 2.5 of the Agreement, refused to remit the Specified Percentage of its Receipts, placed a hold on the account that prevented FundKite from successfully debiting the Designated Account and voluntarily interrupted Receipts from being deposited into the Designated Account.

19.     On January 29, 2021, FundKite received a wire transfer from AvantGarde in the amount of $16,125.

20.     On February 3, 2021, Mr. Adelman instructed FundKite to debit the Initial Estimated Delivery Amount from the Designated Account on February 5, 2021.  FundKite initiated the February 5, 2021 debit as instructed.

21.     On February 9, 2021, FundKite received notice that the ACH debit it had initiated at Mr. Adelman's direction was returned because the Designated Account was still on hold.

22.     On or about February 11, 2021, for the first time since the Agreement was entered into, Mr. Adelman provided evidence of AvantGarde's sales activity for FundKite to perform a reconciliation.  FundKite performed the reconciliation, but due to the account still being on hold was unable to debit the Adjusted Delivery Amount from the Designated Account.

23.     FundKite requested that AvantGarde either resolve the hold on the Designated Account or designate a new account into which it would deposit its Receipts so FundKite could debt the Adjusted Delivery Amount going forward. *See* Exhibit 3.  To date, AvantGarde has not done either.

24.     FundKite discovered an additional breach of the Agreement while performing the reconciliation. Upon information and belief, AvantGarde obtained additional working capital that encumbered receipts and/or future revenue without FundKite's consent.

25.      Section 2.11 of the Agreement prohibits AvantGarde from entering into an arrangement, agreement, or a loan that relates to or encumbers receipts or future revenue with any party unless FundKite permits AvantGarde to do so in writing.

26.     Upon information and belief based upon representations made to FundKite by Mr. Adelman, AvantGarde continues to operate and generate Receipts, but has not delivered any Receipts to FundKite since January 29, 2021.

27.     To date, FundKite has not received $387,000 in Receipts that it purchased from AvantGarde.

## COUNT I
## BREACH OF AGREEMENT

28.     FundKite incorporates Paragraphs 1 through 27 of the Complaint as though fully set forth herein.

29.     The Agreement is a contract between FundKite and AvantGarde.

30.     FundKite performed under the Agreement by paying $391,815 to AvantGarde on November 25, 2020.

31.     AvantGarde has breached the Agreement by failing to provide FundKite written notice within 24 hours of any shortage of funds in the Designated Account that will result in a failed delivery of Receipts or any hold placed on the Designated Account.  *See* Agreement, Sections 3.0 and 3.3.

32.     AvantGarde has breached the Agreement because it took voluntary action that had an adverse effect upon its obligations under the Agreement.  *See* Agreement, Sections 2.5 and 3.0. Specifically, upon information and belief based upon statements made to FundKite by Mr. Adelman, Mr. Adelman failed to deposit checks into the Designated Account which caused the Designated Account to have insufficient funds to deliver the Receipts.

33.     AvantGarde has breached the Agreement because, upon information and belief, it entered into an arrangement, agreement or loan that related to or encumbers receipts or future

revenue without obtaining the express permission of FundKite.  *See* Agreement, Section 2.11 and 3.0.

35.     AvantGarde has breached the Agreement by refusing to remit the Specified Percentage of Receipts.  *See* Agreement, Section 3.0(b).    AvantGarde has not remitted any Receipts to FundKite since January 29, 2021 and FundKite.

36.     AvantGarde has breached the Agreement by placing a hold on the account which has prevented FundKite from being able to successfully debit the Designated Account since prior to January 27, 2021.  *See* Agreement, Section 3.0(j).

37.     AvantGarde has breached the Agreement by entering into an arrangement, agreement, or a loan that relates to or encumbers receipts and/or future revenue without FundKite's written permission. *See* Agreement, Section 2.11.

38.     As a result of these breaches of the Agreement by AvantGarde, FundKite has been damaged in an amount not less than $387,000.

**WHEREFORE**, FundKite respectfully requests that this Honorable Court grant a judgment in its favor and against AvantGarde in the amount of not less than $387,000, plus interest, costs and attorney's fees and grant such other and further relief as this Court deems just and proper considering the facts and circumstances of this case.

## COUNT II
### BREACH OF GUARANTY OF PERFORMANCE

39.     FundKite incorporates Paragraphs 1 through 38 of the Complaint as though fully set forth herein.

40.     The Guaranty of Performance is a contract between FundKite and Mr. Adelman.

41.     Mr. Adelman breached the Guaranty of Performance by failing to ensure prompt and complete performance of the Guaranteed Obligations.

42.     As a result of the breach of the Guaranty of Performance, FundKite has been damaged in an amount of not less than $387,000.

**WHEREFORE**, FundKite respectfully requests that this Honorable Court grant a judgment in its favor and against Mr. Adelman in the amount of not less than $387,000, plus interest, costs and attorney's fees and grant such other and further relief as this Court deems just and proper considering the facts and circumstances of this case.

Dated:  February 17, 2021

Respectfully Submitted,

KAMINSKI LAW, PLLC

_____

SHANNA M. KAMINSKI
40950 Woodward Ave., Ste. 100
Bloomfield Hills, Michigan 48304
(248) 462-7111
skaminski@kaminskilawpllc.com